**F I L E D**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENACE CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ABEL NAVARRO-CHAPAS,

    Defendant-Appellant.

No. 04-2229
(D.C. No. CR-04-937)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

    Jose Abel Navarro-Chapas pled guilty to one count of illegally reentering the United States following deportation for an aggravated felony, in violation of 8 U.S.C. § 1326, and received a sentence of 24 months' imprisonment. Navarro-Chapas' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

If counsel conscientiously examines a case and determines that any appeal would be wholly frivolous, <u>Anders</u> authorizes counsel to so advise the court and request permission to withdraw. Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any argument to the court. If the court, upon completely examining the record, determines that the appeal is in fact frivolous, it may grant counsel's request to withdraw and dismiss the appeal. <u>Id.</u> at 744. In the present case, counsel, acting pursuant to <u>Anders</u>, provided Navarro-Chapas with a copy of his appellate brief and the defendant has not filed a pro se brief raising any argument. The defendant did request that counsel "challenge the length of his sentence." Appellant's Br. at 5.

Navarro-Chapas pled guilty pursuant to a plea agreement, which includes an appeal waiver that states: "the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court." The district court did not depart upwards when imposing sentence. Rather, the court rejected the presentence report's recommended base offense level of 17, and applied the parties' stipulated offense level of 15 pursuant to Rule 11(c)(1)(C). The court then sentenced Navarro-Chapas at the very bottom of

2

the range to 24 months' imprisonment. Thus, the terms of the plea agreement bar Navarro-Chapas from challenging the length of his sentence on appeal.

We will enforce a waiver of appellate rights if the issue appealed falls within the scope of the waiver and if the record reveals that the defendant knowingly and voluntarily waived his appellate rights. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004). Additionally, we will decline to enforce a valid appeal waiver if enforcement would result in a miscarriage of justice. Id. Careful review of the record in this case reveals that the appeal waiver squarely covers Navarro-Chapas' challenge to the length of his sentence and that the defendant knowingly and voluntarily waived his appellate rights. Moreover, enforcing the waiver would not result in a miscarriage of justice.

As the waiver would preclude appeal of Navarro-Chapas' sentence, appeal on the ground specified by the defendant would be futile. Because Navarro-Chapas has no meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge